UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JENNIFER LANG,

    Plaintiff,

v.                                        Case No. 15-cv-01004-LA

MILWAUKEE COUNTY,
RODNEY L. MAYBIN and
PAULA LUCEY

    Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
**PURSUANT TO CIVIL L. R. 26(e)**
_____

NOW COME counsel for the parties in the above-captioned case and stipulate and agree as follows:

WHEREAS, Defendants served discovery requests on Plaintiff Jennifer Lang that seeks sensitive personal and medical information about Plaintiff Lang;

WHEREAS, the personal and sensitive personal and medical information could potentially be embarrassing or damaging to Plaintiff Lang's reputation and well-being;

WHEREAS, Plaintiff Lang seeks to protect the confidentiality of such information and therefore reserves the right to designate any such sensitive personal or medical information as Confidential Information by stamping it "Confidential."

NOW, THEREFORE, the parties stipulate for issuance of a Protective Order which requires that they must preserve the confidentiality of such sensitive personal and medical information, and, on that basis,

1. The purpose of this Protective Order is to protect against the unnecessary disclosure of sensitive personal and medical information relating to Ms. Lang. Documents and information protected by this Order shall include any and all documents (and information contained therein) produced by Ms. Lang or her attorney relating to personal or medical information relating to Ms. Lang that are affixed with the word "Confidential" (hereinafter referred to as "Confidential Information").

2. As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information shall also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

3. During the pendency of this litigation, Confidential Information shall be retained solely in the custody of the parties and their attorneys and shall not be placed in the possession of or disclosed to any other person, except as set forth in paragraph 5 below, as otherwise agreed upon by the parties, or upon leave of the Court. Any person shown Confidential Information must be told of its confidential nature and must agree to keep it confidential.

4. Upon completion of the litigation, Defendants shall return to Plaintiff or destroy all copies of Confidential Information.

5. The parties and counsel for the parties must not disclose or permit the disclosure of any Confidential Information protected by this Order to any other person or entity, except that disclosures may be made in the following circumstances:

a. Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government who have direct functional responsibility for the preparation and trial of the lawsuit;

b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material;

d. Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff. No document filed with the court under seal will remain sealed unless the party claiming that the document contains confidential information shows good cause;

e. Witnesses or potential witnesses may review Confidential Information which they prepared or which was distributed to them in the normal course of business; and

f. Confidential Information may be reviewed by an expert witness or consultant expressly employed or retained by counsel or a party to this litigation to whom it is necessary to disclose Confidential Information for the purpose of prosecuting or defending this litigation.

6. Nothing in this order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except the disclosure of the Confidential Information as proscribed in this Order.

7. Any person or entity to whom Confidential Information is disclosed in accordance with this Protective Order may use the Confidential Information solely in connection with the prosecution or defense of this litigation, and shall not disclose such Confidential Information to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Protective Order.

3

8. The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in paragraph 5 or as otherwise commanded by law or provided in this Order.

9. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

10. This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

11. Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues.

Agreed to by:

Dated this 12th day of February 2016.   s/ Oyvind Wistrom
Oyvind Wistrom
WI State Bar No. 1024964
Attorney for Defendants
Lindner & Marsack, S.C., Suite 1800
411 East Wisconsin Avenue
Milwaukee, WI 53202-4498
414-273-3910 [phone]
414-273-0522 [fax]
E-mail: owistrom@lindner-marsack.com

4

Dated this 16th day of February 2016.	s/ Peter J. Fox
Peter J. Fox
WI State Bar No. 1037925
Attorney for Plaintiff
Fox & Fox, S.C.
735 W. Wisconsin Avenue, 12th Floor
Milwaukee, WI 53233
(414) 326-3260 [phone]
(414) 224-1411 [fax]
email: pfox@foxquick.com

IT IS SO ORDERED.

ENTERED BY:	s/ Lynn Adelman
_____
Honorable Lynn Adelman
District Judge

DATE:	February 17, 2016